UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs*. | ) | 2:10-cr-0007-JMS-CMM |
| | ) | |
| WESLEY S. HAMMOND, | ) | -01 |
| DAVID J. PITTS, | ) | -04 |
| BRADLEY S. SHELTON, | ) | -05 |
| ANTRIO D. HAMMOND, | ) | -06 |
| JWUAN MORELAND, | ) | -07 |
| HERBERT PHIPPS, | ) | -14 |
| TIMOTHY BAILEY, | ) | -18 |
| SUSIE ANNETTE SMITH, | ) | -19 |
| JOHN DOE, | ) | -22 |
| JACOB E. LOWE, | ) | -25 |
| MICHAEL D. WEIR, | ) | -27 |
|     *Defendants.* | ) | |
| | ) | |

## **ORDER**

Presently before the Court is Defendant Wesley Hammond's (-01) motion in limine to preclude Special Agent Douglas Freyberger from testifying as an expert regarding what the Government contends was code language used in intercepted telephone calls among the Defendants in this alleged drug conspiracy case. [Dkt. 662.] The other Defendants have joined in the motion. [Dkt. 665, 667, 668, 671, 675, 676, 677, 678, 680.]

The Court will deny the motion for several reasons.

First, it is untimely. Under the agreed scheduling order that was entered in this case, motions in limine were due no later than November 8, 2010. [Dkt. 500 at 2.] The present motion wasn't, however, filed until January 24, 2011.

Second, insofar as the Defendants contend that Special Agent Freyberger isn't qualified to testify as an expert or that expert testimony isn't appropriate to interpret "code words" in drug

cases, the Seventh Circuit has previously upheld permitting Special Agent Freyberger to provide just that type of testimony. *United States v. Gray*, 410 F.3d 338, 347 (7th Cir. 2005). Assuming the Government can lay a proper evidentiary foundation at trial for his opinions, he will be permitted to offer expert testimony about the meaning of the alleged code words.[1]

Third, to the extent that the Defendants contend that it would be unfairly prejudicial to permit Special Agent Freyberger to provide both expert testimony and fact testimony—he was the case agent—Defendants have also failed to establish that the Court will be required to exclude the expert evidence at trial. Again in *Gray*, Special Agent Freyberger was permitted to provide expert testimony notwithstanding his involvement in the case investigation. *See id.* at 344 (noting that Special Agent Freyberger sought a search warrant in the case). At this point, there's no reason to think that the precautions articulated in *United States v. York*, 572 F.3d 415 (7th Cir. 2009) won't avoid any unfair prejudice. Specifically, the Court will (1) read Pattern Instruction No. 3.07, concerning expert testimony, before Special Agent Freyberger testifies; (2) require the Government to structure its examination of him to make clear when he is offering expert as opposed to fact testimony; (3) require the Government to clearly establish the foundations for his expert testimony; and (4) permit vigorous cross-examination of his interpretation of the code words. *See id.* at 425-26.

Finally, to the extent that the Defendants initially argued that their Confrontation Clause rights would be violated if Special Agent Freyberger were permitted to base his expert opinion on information from non-testifying cooperating witnesses, Defendants have abandoned that argument for present purposes. In its Response, the Government denied that any such information

---

[1] As indicated in the undersigned's Practices and Procedures, which are available on the Court's website, http://www.insd.uscourts.gov/Publications/CourtroomProceduresJMS.pdf, "[c]ounsel may establish qualifications; the court will not declare a witness to be 'an expert'" in front of the jury.

would form the basis of Special Agent Freyberger's expert opinions and argued that no Confrontation Clause challenge could thus lie. Defendants filed no reply contending otherwise.

Accordingly, the motion in limine, [dkt. 662], is **DENIED**.

02/07/2011

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record electronically registered.