UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:10-cr-0007-JMS-CMM-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| WESLEY S. HAMMOND | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:10-cr-00007-JMS-CMM |
| ) | |
| WESLEY S. HAMMOND, ) | -01 |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant Wesley Hammond seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Hammond's motion is **denied**.

**I. Background**

As summarized by the Court in its prior opinion denying Mr. Hammond's § 2255 motion, while incarcerated at an Indiana State prison, Mr. Hammond used a cellular telephone to run a methamphetamine and marijuana trafficking organization. Dkt. 1491. As a result, in count one of a multi-defendant superseding indictment, Mr. Hammond was charged with conspiracy to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine and conspiracy to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. During the course of the prosecution, the United States filed an information pursuant to 21 U.S.C. § 851 alleging that Mr. Hammond had previously been convicted of at least two felony drug offenses. Dkt. 504. As a result, a life sentence was the mandatory minimum sentence under the law as it existed at the time, 21 U.S.C. § 841(b)(1)(A) (eff. Aug. 3, 2010, to Dec. 20, 2018). A jury subsequently found Mr. Hammond guilty on count one, and the Court sentenced him to the then-mandatory life in prison. Dkts. 842, 1037.

Mr. Hammond filed his motion for compassionate release pro se. Dkt. 1836. In his submission, Mr. Hammond argues that he establishes extraordinary and compelling reasons for compassionate release because he is at risk of severe illness should he contract COVID-19 due to his underlying medical conditions (type 1 diabetes, hypertension, chronic kidney disease and obesity). Dkt. 1836. Mr. Hammond also argues that if he were sentenced today, he would likely receive a shorter sentence due to changes to the sentencing laws. Finally, Mr. Hammond also argues that he would like to see an ill family member before the family member passes away, and that he has substantially rehabilitated himself. The Court ordered Mr. Hammond to show cause as to why his motion should not be denied in light of recent decisions from the Seventh Circuit, dkt. 1837, and Mr. Hammond complied, dkt. 1843. The motion is now ripe.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Hammond's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other

3

reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Hammond is fully vaccinated and scheduled for the booster, dkt. 1843 at 2, and he has presented no evidence that he is unable to receive or benefit from the vaccine. Additionally, Mr. Hammond "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). As a result, Mr. Hammond has not carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Mr. Hammond's argument that he would likely receive a shorter sentence if sentenced today due to changes to the definition of "predicate offense" and certain mandatory minimum sentences, is also unpersuasive, whether considered alone or together with any other reason. "When deciding whether 'extraordinary and compelling reasons', 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions…There's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C.

4

§ 2255. *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (cleaned up); *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021) (a motion for compassionate release is not the proper way to remedy a potential error in the original sentence).

Mr. Hammond's desire to be released so that he can spend time with his father (who is ill and likely to pass away), is also not an extraordinary and compelling reason to grant his release, alone or in conjunction with any other reason. Dkt. 1843 at 3. While the Court understands that Mr. Hammond would like to be present with his family during a difficult time, many inmates would like to be at home to spend time with their aging and ill parents but are unable to do so due to their incarceration. This is not an extraordinary circumstance, whether standing alone or in combination with any other factor.

That leaves Mr. Hammond with one potentially extraordinary and compelling reason for release—his rehabilitation. While the strides Mr. Hammond has made in prison are admirable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his mandatory minimum sentence. *See United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme."). The Court does not find that Mr. Hammond's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling to grant him compassionate release.

Given the determination that Mr. Hammond has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.  That said, the Court remembers well that after his conviction in this case, Mr. Hammond once again began leading a new methamphetamine conspiracy while incarcerated. *See generally*, 2:13-cr-00016-JMS-CMM.  Release is not warranted here.

### III. Conclusion

For the reasons stated above, Mr. Hammond's motion for compassionate release, dkt. [1836], is **denied**.

**IT IS SO ORDERED.**

Date: 9/21/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Wesley S. Hammond
Reg. No. 09373-028
USP Florence - High
U.S. Penitentiary
P.O. Box 7000
Florence, CO  81226