UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, | ) | |
| v. | ) | No. 2:10-cr-00007-JMS-CMM |
| WESLEY S. HAMMOND, *Defendant*. | ) | -01 |

**ORDER**

On July 8, 2011, Defendant Wesley Hammond (01) was sentenced to a term of life imprisonment for Conspiracy to Distribute 500 Grams or More of Methamphetamine (Mixture) and 100 Kilograms or More of Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. [*See* Filing No. 1037.] On May 22, 2014, he filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, [Filing No. 1359], which the Court denied, [Filing No. 1491]. Mr. Hammond then sought permission from the Seventh Circuit Court of Appeals to file a successive § 2255 motion, which the Seventh Circuit denied on December 29, 2025. [Filing No. 2060.]

On May 4, 2026, Mr. Hammond filed a Petition for Writ of Audita Querela, [Filing No. 2079], and the Court treated his Petition as a § 2255 motion and opened a new civil action in which to consider the § 2255 motion. [Filing No. 2092; *Wesley S. Hammond v. United States*, Case No. 2:26-cv-00496-JMS-MKK ("the Civil Action").] On July 16, 2026, the Court denied Mr. Hammond's Petition for Writ of Audita Querela, treated as a § 2255 motion, and dismissed the Civil Action without prejudice, explaining that "[b]ecause the Seventh Circuit denied Mr. Hammond's application to file a successive § 2255 motion, this Court does not have jurisdiction over this case." [Filing No. 5 in the Civil Action at 3 (citation omitted); Filing No. 2094 at 3.]

Mr. Hammond has now filed a Motion for Reconsideration, arguing that the Court "has attempted to recharacterize [his] audita querela petition without prior notification of intent." [Filing No. 2100 at 1.] He asserts that before it opened a new civil action, the Court was obligated to notify him of its intent to recharacterize his Petition as a § 2255 motion and to give him an opportunity to withdraw it. [Filing No. 2100 at 1-2.] Mr. Hammond goes on to reiterate the arguments set forth in his original Petition for Audita Querela. [Filing No. 2100 at 2-6.]

"[M]otions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). Federal Rule of Civil Procedure 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505-06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois*, 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996).

In arguing that the Court was required to give him notice that it was treating his Petition as a § 2255 motion and to provide him with an opportunity to withdraw it, Mr. Hammond appears to be relying on *Castro v. United States*, 540 U.S. 375 (2003), in which the United States Supreme

Court held that a district court "cannot…recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Id.* at 377 (emphasis omitted). But as the Seventh Circuit Court of Appeals has explained, a *Castro* notice is only required when a court recharacterizes a defendant's motion as his *first* § 2255 motion:

> Recharacterizing a prisoner's *initial* post-judgment motion as a collateral attack subject to § 2255 has a potential to surprise a legal novice who may think that the motion does not jeopardize the right to one complete round of collateral review. Accordingly, the Supreme Court held in *Castro*… that unless the district judge has warned the prisoner that a motion will be treated as a collateral attack, and offered the opportunity to withdraw it (or add any other issues that would be included with a motion under § 2255), the motion does not count as the one collateral attack allowed to each prisoner. Recharacterizing a prisoner's *successive* collateral motions in the sentencing court as within the scope of § 2255 does not pose any similar risk; the initial round of collateral review has been enjoyed…and the only question is whether the court will permit the prisoner to use nomenclature to defeat the rules established by Congress. To that the answer must be no.

*Melton v. United States*, 359 F.3d 855, 857-58 (7th Cir. 2004) (emphasis in original) (finding that petition for audita querela was properly characterized as a successive § 2255 motion and that district court was not required to provide *Castro* notice to petitioner of its recharacterization).

As discussed above, an "initial round of collateral review has [already] been enjoyed" by Mr. Hammond. *Id.* [*See* Filing No. 1359.] The Court was not obligated to provide Mr. Hammond with notice under *Castro* that it was treating his Petition for Writ of Audita Querela as a successive § 2255 motion.

Mr. Hammond has not shown that the Court committed a manifest error of law or fact and has not presented newly discovered evidence warranting reconsideration of its recharacterization of the Petition for Writ of Audita Querela and the Court stands by that recharacterization, its

subsequent denial of the Petition (treated as a successive § 2255 motion) for lack of jurisdiction, its dismissal of the Civil Action without prejudice, and its entry of judgment.[1] Mr. Hammond's Motion for Reconsideration, [2100], is **DENIED**.

Date: 9/1/2026

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via U.S. Mail to:**

Wesley S. Hammond
#09373-028
FCI Leavenworth
Federal Correctional Institution
P.O. Box 1000
Leavenworth, KS 66048

[1] The Court interprets Mr. Hammond's Motion for Reconsideration as requesting that the Court vacate its decision in the Civil Action dismissing his Petition, treated as a § 2255 motion, without prejudice and entering final judgment. To the extent Mr. Hammond's motion should be characterized as requesting that the Court vacate its Order treating his Petition as a § 2255 motion and directing the opening of the Civil Action, Fed. R. Civ. P. 60(b) is more closely applicable and provides relief from an order under the following circumstances: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." None of the circumstances set forth in Rule 60(b) are present here.